OPINION
Orlo E. Gray, defendant-appellant, appeals a decision of the Franklin County Court of Common Pleas. The court found appellant guilty of twenty-five counts of rape, a violation of R.C. 2907.02; and fourteen counts of gross sexual imposition, a violation of R.C. 2907.05. We affirm.
Appellant was accused of sexually abusing three female victims from 1995 to 1997. The three victims, Judy Goettle, Marsha Goettle, and Mary Fansler, were between the ages of ten and fifteen at the time the incidents began in 1995. The natural parents of Judy and Marsha are Phillip Robert Goettle and Vickie Fansler. Vickie Fansler was married to Daniel Fansler at the time of the incidents, and Mary Fansler is their daughter. From 1995 to 1997, the victims lived mostly with Daniel and Vickie Fansler at 33 Richardson Avenue or with appellant at 35 Richardson Avenue in Columbus, Ohio. The victims were related to appellant by marriage because Daniel Fansler's sister, Barbara Gray, was married to appellant.
During appellant's trial, each of the victims testified that they were forced to perform sexual acts, including sexual intercourse, with Daniel Fansler and appellant. They also testified that if they did not cooperate they would be beaten. On July 17, 1997, Judy Goettle talked to a counselor at Franklin County Children's Services. Shortly afterwards, appellant was arrested and charged with sexually abusing the victims. Daniel Fansler was not tried for the crimes because he committed suicide on July 25, 1997.
Two separate indictments were filed against appellant. A forty-nine-count indictment alleging that appellant sexually abused Judy and Marsha Goettle was filed on October 31, 1997, and assigned case number 97CR 10-6054. A five-count indictment alleging that appellant sexually abused Mary Fansler was filed on March 16, 1998, and assigned case number 98CR 03-1284. The court consolidated the two cases on May 8, 1998.
After waiving his right to a trial by jury, appellant was tried before the court in February 1999. Judy and Marsha Goettle and Mary Fansler each testified concerning the sexual acts appellant committed against them. Daniel Fansler Jr., the son of Daniel Fansler, testified that on several different occasions he witnessed appellant having sex with Judy and Marsha Goettle. Appellant testified on his own behalf claiming that he never sexually abused the victims and that he believed Daniel Fansler was responsible for all of the abuse. Appellant's daughter, Frances Gray, testified that she was unaware of any sexual abuse occurring between Daniel Fansler and his stepdaughters. She also testified that appellant never sexually abused her.
On February 24, 1999, the court found appellant guilty of twenty-five counts of rape, and fourteen counts of gross sexual imposition. The court prepared a separate judgment entry for case numbers 97CR 10-6054 and 98CR 03-1284. On June 10, 1999, appellant filed an appeal of the judgment entry for case number 97CR 10-6054, and it was assigned appellate case number 99AP-667. Appellant also filed an appeal of the judgment entry for case number 98CR 03-1284, and it was assigned appellate case number 99AP-666. We consolidated both appellate cases on August 10, 1999. In his appeal, appellant presents the following five assignments of error:
ASSIGNMENT OF ERROR NO. 1:
 The trial court erred and thereby deprived appellant of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1, Section 10 of the Ohio Constitution by overruling appellant's Crim.R. 29 motion for judgment of acquittal, as the state failed to offer sufficient evidence to prove each and every element of the charges beyond a reasonable doubt.
ASSIGNMENT OF ERROR NO. 2:
 The trial court erred and thereby deprived appellant of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1, Section 10 of the Ohio Constitution by finding defendant guilty, as the verdicts of guilty were against the manifest weight of the evidence.
ASSIGNMENT OF ERROR NO. 3:
 Appellant was deprived of effective assistance of counsel in violation of his rights as guaranteed by the Sixth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution.
ASSIGNMENT OF ERROR NO. 4:
 The trial court deprived appellant of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution by admitting inadmissible character evidence of "other acts."
ASSIGNMENT OF ERROR NO. 5:
 The trial court deprived appellant of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution by admitting inadmissible hearsay evidence.
Appellant argues in his first assignment of error that the trial court erred by overruling his Crim.R. 29 motion for judgment of acquittal. However, a review of the record shows that the trial court never overruled a Crim.R. 29 motion from appellant. Instead, the record shows that appellant's trial counsel at the end of the state's presentation of evidence made a Crim.R. 29 motion to dismiss counts 32, 38, 39, 40, 44, 45, and 46 of the indictment. The prosecution agreed with appellant's counsel and added, "I don't believe that Mary Fansler testified about anything regarding allegations in count number 5 and the state would request to dismiss count number 5." The trial court sustained both appellant's and the prosecutor's motions, and dismissed counts 5, 32, 38, 39, 40, 44, 45, and 46. Therefore, appellant cannot argue that the trial court erred by overruling his Crim.R. 29 motion for judgment of acquittal because it never occurred.[1] Appellant's first assignment of error is overruled.
Appellant argues in his second assignment of error that his guilty verdicts were against the manifest weight of the evidence. Appellant argues that his "convictions were based upon inconsistent, conflicting, nonspecific testimony. A review of the record reveals that the jury clearly lost its way and the convictions created such a manifest miscarriage of justice that this case must be reversed." We disagree.
"The weight of the evidence concerns the inclination of the greater amount of credible evidence offered in a trial to support one side of the issue rather than the other." State v.Buterbaugh (Sept. 16, 1999), Franklin App. No. 98AP-1093, unreported, discretionary appeal not allowed (2000), 87 Ohio St.3d 1490, following State v. Clemons (1998), 82 Ohio St.3d 438, 444, certiorari denied (1998), ___ U.S. ___, 119 S.Ct. 816. In order for the court of appeals to reverse the judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court must unanimously disagree with the factfinder's resolution of the conflicting testimony. Statev. Thompkins (1997), 78 Ohio St.3d 380, 387. Whether a criminal conviction is against the manifest weight of the evidence "requires an examination of the entire record and a determination of whether the evidence produced attains the high degree of probative force and certainty required of a criminal conviction."State v. Getsy (1998), 84 Ohio St.3d 180, 193, certiorari denied (1999), ___ U.S. ___, 119 S.Ct. 2407.
 "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." [Thompkins, at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.]
"The weight to be given the evidence and the credibility of the witnesses are primarily issues to be decided by the trier of fact." State v. Burdine-Justice (1998), 125 Ohio App.3d 707,716. The trier of fact has the benefit of seeing and hearing the witnesses testify and is in the best position to determine the facts of the case. In re Good (1997), 118 Ohio App.3d 371, 377.
In the present case, appellant argues that Judy Goettle's testimony that she was forced by appellant to perform sexual acts, including sexual intercourse with appellant, was proven false by Francis Gray's testimony. Appellant is correct that Francis Gray's testimony, in which she declared that she never had sexual intercourse with appellant, coupled with the stipulation that her hymen was intact, weighed against Judy Goettle's credibility. However, the fact that Francis Gray is appellant's daughter weighs against her credibility. Also, a review of Francis Gray's testimony shows that she never testified that her father did not sexually abuse Judy and Mary Goettle.
Appellant also claims that Mary Goettle's testimony was inconsistent and conflicting. Mary Goettle testified that on her twelfth birthday appellant sexually abused her while she was living in his house. She also testified that she had moved out of appellant's house one month before her birthday. When asked on redirect examination when she moved from appellant's house, she answered "I don't really actually know when I moved *** but I know we moved." She also testified that even after she moved from appellant's house, she sometimes stayed overnight at his house.
A conviction is not against the manifest weight of the evidence solely because the trier of fact heard inconsistent testimony. State v. McVay (Sept. 30, 1999), Franklin App. No. 98AP-1246, unreported, discretionary appeal not allowed (2000),87 Ohio St.3d 1492. "Credibility determinations on conflicting testimony are issues primarily reserved to the trier-of-fact to be second-guessed only in the most exceptional case." Id.
Accordingly, following a review of the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of the witnesses, we find no basis to believe that the trier of fact clearly lost his way, that a manifest miscarriage of justice occurred, or that appellant's convictions were against the manifest weight of the evidence. See, also, State v. Smith (1997), 80 Ohio St.3d 89, 114, certiorari denied (1998), 523 U.S. 1125, 118 S.Ct. 1811. Appellant's second assignment of error is overruled.
Appellant argues in his third assignment of error that he was deprived of effective assistance of counsel. Appellant contends that the following six actions imposed by his counsel demonstrate that it was ineffective: (1) counsel failed to properly pursue appellant's alibi defense; (2) appellant was advised to waive his right to a jury trial; (3) counsel failed to request Crim.R. 16(B)(1)(g) material; (4) counsel failed to object to inadmissible character evidence; (5) counsel failed to object to inadmissible hearsay evidence; and (6) counsel was ineffective in his direct examination. Appellant also argues that the errors made by his counsel, when viewed as a whole, deprived him of effective assistance of counsel. We will discuss each of appellant's arguments in the order presented.
"Reversal of a conviction on the grounds of ineffective assistance of counsel requires a showing, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive defendant of a fair trial." State v. Lindsey (2000), 87 Ohio St.3d 479, 489, following Strickland v. Washington (1984), 466 U.S. 668, 687,194 S.Ct. 2052, 2064. "The burden rests upon appellant to show how counsel breached the duty to provide reasonable representation."State v. Heer (Sept. 24, 1998), Franklin App. No. 97APA12-1670, unreported, dismissed (1999), 84 Ohio St.3d 1501. "Appellant must show that he was prejudiced by counsel's conduct, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."State v. Dillbeck (Dec. 14, 1999), Franklin App. No. 99AP-399, unreported. Questions involving the effectiveness of counsel should be viewed in light of the compelling evidence against the defendant. State v. Lester (1998), 126 Ohio App.3d 1, 5.
Appellant first argues that his trial counsel failed to fully pursue an alibi defense. Appellant filed a notice of alibi on November 20, 1998 concerning counts 1 through 9 under case number 97CR-6054. Those counts were based upon one of the victims' claims that she had been sexually abused at the house on Rennick Avenue in 1994. The prosecution stated before appellant's trial that, "it was the state's intention to request to amend the counts 1 through 9 to reflect June, the months of June, July and August of 1995, as opposed to 1994." The prosecution instead sought to dismiss those counts because the change of dates from 1994 to 1995 also required the state to amend the indictment to include the element of force based upon the victim being thirteen years old in 1995. See R.C. 2907.02(A)(1)(b). The prosecution stated that it requested the dismissal based upon "the assumption that the court would probably not grant the state's request to amend the indictment."
Appellant argues that "[h]ad the trier of fact been given the benefit of this information, the credibility of the alleged victims would be subject to extreme question." The flaw in appellant's argument is that the trier of fact was given the information because the trier of fact was the trial judge. Additionally, appellant is incorrect in assuming that the counts were dismissed because "[a]ppellant's alibi was credible." The record instead shows that the counts were dismissed by the state because the prosecution chose not to amend the indictment. Therefore, we find that appellant was not denied effective assistance of counsel because his trial counsel did not further pursue his alibi defense.
Appellant also argues that his trial counsel was ineffective because he advised appellant to waive his right to trial by jury. However, appellant cannot claim that he was denied his constitutional right to effective assistance of counsel if:
 *** the record clearly demonstrates that appellant knowingly and voluntarily waived his right to a trial by jury, he signed the form in open court, which was duly filed and an extensive colloquy was conducted with the court sufficient to demonstrate his understanding of his rights and the waiver of the right to a trial by jury. [State v. Driggins (Dec. 2, 1999), Cuyahoga App. No. 74940, unreported. See, also, R.C. 2945.05.]
In the present case, the record shows that appellant signed an entry that states in part:
 I Orlo Emerson Gray *** hereby voluntarily waive and relinquish my right to a trial by jury and elect to be tried by a judge of the court in which said cause may be pending. I fully understand that under the laws of this State, I have a constitutional right to a trial by a jury.
The entry is also signed by the prosecuting attorney, appellant's trial counsel, and the trial judge. The date of the trial judge's signature is February 22, 1999, the first day of appellant's trial. In the trial transcript, the trial judge acknowledged that he saw appellant sign the waiver form in court. The trial transcript also shows that the trial court engaged in an extensive colloquy with appellant concerning his right to a jury trial. Accordingly, we find that appellant cannot demonstrate that he was denied his right to effective assistance of counsel because he was counseled to waive his right to a jury trial.
Appellant contends that his counsel should have requested Crim.R. 16(B)(1)(g) material. Crim.R. 16(B)(1)(g) provides that upon completion of a witness's direct examination at trial, "the court on motion of the defendant shall conduct an in camera inspection of the witness' written or recorded statement *** to determine the existence of inconsistencies, if any, between the testimony of such witness and the prior statement." Appellant argues that "by failing to request Crim.R. 16(B)(1)(g) material, counsel had no opportunity to cross-examine [a]ppellant's accusers regarding prior inconsistent statements."
However, a review of the record shows that on November 26, 1997, appellant's trial counsel requested the state "to produce in advance of trial all witness statements subject to the provisions of Criminal Rule 16(B)(1)(g)." Therefore, appellant cannot claim that his counsel failed to request Crim.R. 16(B)(1)(g) material. Regarding counsel's failure to request the trial court to perform an in camera inspection, another appellate district stated:
 However, this fact alone does not constitute prejudicial error. For instance, defense counsel, by permission of the prosecutor, may have had access to the [prior statements]. Then the defense counsel, in his determination, based upon the witness' testimony, may have found no inconsistencies between their statements at trial and on their previous reports. Under such circumstances, there would exist no need to request the trial court to perform an in camera inspection. On the other hand, the defense counsel may have been aware that there were no reports available for impeachment purposes. Under either scenario, there would have been no violation of the defendant's rights. And since we are limited to the record, we must conclude that based upon the evidence before us, there has been no showing of ineffective assistance of counsel. [State v. Robinson
(June 13, 1986), Lucas App. No. L-85-278, unreported.]
We similarly hold that appellant cannot demonstrate that he was prejudiced because the record does not show that the victims had made prior inconsistent statements subject to Crim.R. 16(B)(1)(g).
Appellant states that during the direct examination of John Salvito, "the prosecution elicited testimony that [a]ppellant and his family had been the focus of a previous children's services investigation." Salvito testified that he had overheard Judy Goettle say that they had been investigated by children's services before. Appellant argues that his trial counsel should have objected to Salvito's testimony because it "clearly violated the general prohibition against character evidence and `other acts' evidence contained in Evid.R. 404." We disagree.
Judy Goettle's statement, overheard by Salvito, that "they had been investigated before" does not directly impugn appellant's character because it is not clear who had been investigated. Additionally, prior to Salvito's testimony, Mary Fansler testified that their family had to move frequently because Daniel Fansler "couldn't take care of us [a]nd every time the agencies, Children's Services Agencies tried to get ahold of us, *** we moved from place to place." Appellant's counsel, advocating the defense that Daniel Fansler was responsible for all of the sexual abuse, asked Judy Goettle whether her family had to move from Cleveland or Pennsylvania because Daniel Fansler was in trouble. She answered that they had to move "all of the time" because caseworkers "knew that we was being abused." When considering the prior statements of Mary Fansler and Judy Goettle, we find that appellant was not prejudiced by Salvito's testimony because his testimony cannot be reasonably construed to show that appellant had committed prior bad acts. Therefore, appellant's counsel cannot be considered ineffective for failing to object to Salvito's testimony on this basis.
Appellant next argues that his trial counsel was ineffective due to the failure to object to inadmissible hearsay evidence. Sharlene and John Salvito testified that Judy Goettle told them appellant had sexually abused her. Trial tactics that are debatable generally do not constitute a deprivation of effective counsel. State v. Phillips (1995), 74 Ohio St.3d 72,85, certiorari denied (1996), 517 U.S. 1213, 116 S.Ct. 1835. Additionally, trial counsel's failure to make objections is within the realm of trial tactics and does not establish ineffective assistance of counsel. Heer, following State v. Lockett (1976),49 Ohio St.2d 48, paragraph nine of the syllabus. Therefore, we do not find that counsel was ineffective for failing to object.
Appellant also argues that his trial counsel was ineffective in the direct examination of appellant. However, "[a]n appellate court reviewing an ineffective assistance of counsel claim will not second guess counsel's strategy in direct and cross-examination of witnesses." State v. Edwards (Feb. 17, 1998), Clermont App. No. CA97-04-035, unreported, discretionary appeal not allowed (1999), 82 Ohio St.3d 1430, following State v.Smith (1991), 75 Ohio App.3d 73, 76.
Lastly, appellant argues that his trial counsel's action, when viewed as a whole, deprived him of effective assistance of counsel. However, after reviewing the complete record, we find that the cumulative effect of the perceived errors is not so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. See, Smith,80 Ohio St.3d at 112. Accordingly, we find that appellant was not deprived of his right to effective assistance of counsel. Appellant's third assignment of error is overruled.
Appellant argues in his fourth assignment of error that he was deprived of due process of law because the trial court admitted inadmissible character evidence of other acts. Appellant claims that Salvito stated "that [a]ppellant and his family had been investigated in the past by similar [children's services] agencies in Cleveland and Pennsylvania." However, appellant's counsel did not object to Salvito's testimony. "The failure to object constitutes a waiver of any claim of error but for plain error." Id. at 115. "Plain error consists of an obvious error or defect in the trial proceedings that affects a substantial right [and] *** reversal is warranted only if the outcome of the trial clearly would have been different absent the error." Lindsey,supra, at 482. In appellant's third assignment of error, we found that Salvito's testimony cannot be reasonably construed to show that appellant had committed prior bad acts. Therefore, we find that appellant cannot demonstrate that he was prejudiced by Salvito's testimony. Appellant's fourth assignment of error is overruled.
Appellant contends in his fifth assignment of error that the trial court erred by permitting hearsay evidence from Sharlene and John Salvito. However, appellant's counsel failed to object. Therefore, appellant has waived any claim of error except for plain error. An examination of the record shows that even if the Salvitos' testimony, concerning statements Judy Goettle allegedly made to them, was not allowed, the remaining evidence shows that the outcome of the trial would not have been any different. Appellant's fifth assignment of error is overruled.
Accordingly, appellant's five assignments of error are overruled, and the judgments of the Franklin County Court of Common Pleas are affirmed.
Judgments affirmed.
PETREE and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] We note that the trial court's judgment entry in case no. 97CR-6054 states: "[Appellant] called two witnesses to the stand and, at the conclusion of [appellant's] case, again renewed his Rule 29 motion to dismiss. It was overruled at that time ***." However, if this occurred, a review of the transcript shows that it did not occur on the record.